IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,               )
                                        )
                    v.                  )        Criminal No. 09-308
                                        )
VASILIA BERGER,                         )
                    Defendant           )


MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

## I.      Introduction

Pending before the court are motions to dismiss (the "Motions") filed within omnibus

pretrial motions (ECF No. 10), and a brief in support (ECF No. 11), by defendant Vasilia Berger

("defendant" or "Berger").  The government filed a response.  (ECF No. 12.)  On August 13,

2010, the court held a hearing with respect to the Motions.  At the hearing the parties rested on

their oral arguments and submissions to the court.  At the end of the hearing, defendant notified

the court about six additional decisions for the court's review in support of her arguments.  The

government notified the court about four additional decisions for the court's review.


## II.     Background

Defendant is charged in a two-count indictment at criminal number 09-308 arising from

an alleged scheme involving home mortgage loans.  Count I charges defendant with attempt and

conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  Defendant seeks dismissal of

count I of the indictment on the basis that the indictment is deficient because it fails to allege an

essential element of the offense, i.e., an overt act.  Count II charges defendant with conspiracy to

commit money laundering, in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(i), 1956(h).  Defendant

seeks dismissal of count II of the indictment on the basis that the indictment fails to allege a

violation of the money laundering statute, as interpreted by the United States Supreme Court in

United States  v. Santos, 553 U.S. 507 (2008).

## III.     Standard of Review

In ruling on a pretrial motion to dismiss an indictment, the court should grant the motion

only where the allegations in the indictment are insufficient to sustain a conviction for the offense

charged and should not consider the sufficiency of the government's evidence.  United States v.

Hedaithy, 392 F.3d 580, 589 (3d Cir. 2004).

## IV.     Discussion

### A.     General

"'An indictment is generally deemed sufficient if it: (1) contains the elements of the

offense intended to be charged, (2) sufficiently apprises the defendant of what he must be

prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may

plead a former acquittal or conviction in the event of a subsequent prosecution.'"  United States

v. Yusuf, 536 F.3d 178, 184 (3d Cir. 2008) (quoting United States v. Rankin, 870 F2d 109, 112

(3d Cir. 1989)); see United States v. Whited, 311 F.3d 259, 262 (3d Cir. 2002) (An indictment is

sufficient when "considered in its entirety, it adequately informs the defendant of the charges

against her such that she may prepare a defense and invoke the double jeopardy clause when

appropriate.").  An indictment fails to state an offense sufficiently if the specific facts alleged in

it "'fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'"

Yusuf, 536 F.3d at 184 (quoting United States v. Panarella, 227 F3d 678, 685 (3d Cir. 2002 ).

The United States Supreme Court addressed the sufficiency of an indictment that relies upon the words of the statute itself, instructing:

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." United States v. Carll, 105 U.S. 611, 612 . . .(1882). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." United States v. Hess, 124 U.S. 483, 487 . . . (1888).

Hamling v. United States,  418 U.S. 87, 117-18 (1974).

### B.      Count I - 18 U.S.C. § 1349

Count I of the indictment charges defendant with attempt and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  The statute provides in relevant part:

> **1349. Attempt and conspiracy**
>
> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

18 U.S.C. § 1349.[1]

---

[1]   The statutory prohibition against wire fraud is set forth in 18 U.S.C. § 1343, which provides:

> **§ 1343. Fraud by wire, radio, or television**
>
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent

Under the caption titled "THE CONSPIRACY AND ITS OBJECTS," the indictment

provides:

> From in and around August 2002, and continuing thereafter until in and around January 2006, in the Western District of Pennsylvania and elsewhere, the defendant, . . . knowingly and willfully did conspire, . . . and agree with other persons known . . . to commit an offense against the United States, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

(Indictment ¶ 2.)

Under the caption titled "MANNER AND MEANS OF THE CONSPIRACY," the

indictment provides:

> 3. It was a part of the conspiracy that the defendant, . . . submitted loan applications to lenders that, as the defendant, . . . then well knew, contained material misrepresentations about the borrowers' financial condition.
>
> 4. It was further a part of the conspiracy that the defendant, . . . submitted false documents in connection with the loan applications, including but not limited to, appraisals that inflated the true value of the properties, appraisals that represented that they were prepared by licensed appraisers when they were really prepared by unlicensed appraisers . . . .
>
> . . .
>
> 7. It was further a part of the conspiracy that the defendant, . . . caused wire transfers from the accounts of the lending institutions located outside the Commonwealth of Pennsylvania, to the account of the closing agent located in the Commonwealth of Pennyslvania, in furtherance of the Wire Fraud scheme.

---

pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. . . .

18 U.S.C. § 1343.

(Indictment ¶¶ 3, 4, 7.)

Defendant argues that the indictment is defective at count I because it fails to charge an essential element of the offense by excluding any reference to an overt act or acts. In support, defendant points to Federal Rule of Criminal Procedure 7(c)(1) ("Rule 7(c)(1)"). Rule 7(c)(1) provides in relevant part:

> **Rule 7. The Indictment and the Information**
>
> . . .
>
> **(c) Nature and Contents.**
>
>> **(1) In General.** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . It need not contain a formal introduction or conclusion. . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

FED. R. CRIM. P. 7(c)(1).

Defendant relies upon, among others decisions, [2] <u>United States v. Reed</u>, 350 F. App'x 675 (3d Cir. 2009) (unpublished opinion) (stating that a violation of 18 U.S.C. § 1349 requires: 1) two or more persons agreed to commit a crime; 2) the defendant knowingly and voluntarily joined in the conspiracy; and 3) a member of the conspiracy performed an overt act for the

---

[2] See <u>United States v. Castro-Ramirez</u>, No. 09-20215, 2010 WL 891689 (E.D. Mich. Mar. 9, 2010) (denying motion for judgment of acquittal on the alleged basis that the government's evidence was insufficient for a conviction); <u>United States v. Farrington</u>, No. 3-08-CR-153-L, 2010 WL 2812886, at *3 (N.D. Tex. July 16, 2010) (stating that finding of guilt of conspiracy under 18 U.S.C. § 1349 includes proof beyond a reasonable doubt of an overt act; no substantive discussion of same); <u>United States v. Kerik</u>, 615 F. Supp. 2d 256 (S. D. N.Y. 2009) (analyzing statute of limitations issues on date of last overt act; no discussion whether proof of an overt act is an essential element of the offense of conspiracy to violate the mail and wire fraud statutes).

purpose of advancing the conspiracy); and <u>United States v. Mitan</u>, Crim. A. No. 08-760, 2009 WL 1651288, at *8 (E.D. Pa. June 11, 2009) (same).

The government argues that the decisions relied upon by defendant do not support the proposition that an overt act is an element of 18 U.S.C. § 1349 because the requirement of an overt act was not the holding in any decision cited by defendant and there was no substantive discussion whether an overt act is an element of 18 U.S.C. § 1349 in any decision cited by defendant. The government contends that the conspiracy statute at issue - 18 U.S.C. § 1349 - does not contain an overt act requirement in the text of the statute, which provides in relevant part:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

18 U.S.C. § 1349. In contrast, the government points to the traditional conspiracy statute, 18 U.S.C. § 371, which has the following overt act requirement included in the text of the statute: "one or more persons do any act to effect the object of the conspiracy[.]"

The government relies upon <u>Whitfield v. United States</u>, 543 U.S. 209 (2005), which held that 18 U.S.C. § 1956(h), a money laundering conspiracy statute, did not have an overt act requirement. The government argues that the court should adopt the rationale set forth in <u>Whitfield</u> because the language of the statutes in issue here and in <u>Whitfield</u> are virtually identical, and should apply with equal force to determine that there is no overt act requirement under 18 U.S.C. § 1349. In <u>Whitfield</u>, the Supreme Court made clear that where a conspiracy statute does not include an express overt act requirement, Congress intended to exclude that requirement. <u>Whitfield</u> considered 18 U.S.C. § 1956(h), which provided in relevant part

6

(**h**) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. § 1956(h).

The Court considered its prior decisions in <u>United States v. Shabani</u>, 513 U.S. 10 (1994), <u>Nash v. United States</u>, 229 U.S. 373 (1913), and <u>Singer v. United States</u>, 323 U.S. 338 (1945), to be applicable and recognized that "where Congress had omitted from the relevant conspiracy provision any language expressly requiring an overt act, the Court would not read such a requirement into the statute." <u>Whitfield</u>, 543 U.S. at 213. The Court distinguished the statutes considered in those decisions from the general conspiracy statute, 18 U.S.C. § 371. It noted that the common law did not require an overt act for a conspiracy and that 18 U.S.C. § 371 "supercede[d] the common law rule by expressly including an overt-act requirement." <u>Id.</u> at 214. In reviewing the Congressional intent to determine whether an overt act is an element of 18 U.S.C. § 1956(h), the Supreme Court instructed:

> <u>Shabani</u> distilled the governing rule for conspiracy statutes as follows: "'<u>Nash</u> and <u>Singer</u> give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1 [which, like 21 U.S.C. § 846 omits any express overt-act requirement], it dispenses with such a requirement.'" 513 U.S., at 14, 115 S.Ct. 382 (quoting <u>United States v. Sassi</u>, 966 F.2d 283, 284 (C.A.7 1992)). This rule dictates the outcome in the instant cases as well: Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction.

<u>Id.</u>

The government also relies upon <u>United States v. Warshak</u>, No. 1:06-CR-00111, 2008 WL 483339 (S.D. Ohio Feb. 19, 2008) (granting government motion to modify jury instructions

7

to remove the instruction that proof of an overt act is required to establish a conspiracy to commit wire fraud); United States v. Searles, No. 07-CR-0195, 2009 WL 302306, at *3 (N.D. Okla. Feb. 6, 2009) ("criminal conspiracy statutes modeled on the Sherman Act, 15 U.S.C. § 1, rather than 18 U.S.C. § 371, do not require proof of an overt act to obtain a conviction") (citing United States v. Warshak, No. 1:06-CR-00111, 2008 WL 483339, at *1 (S.D. Ohio Feb. 19, 2008)); and United States v. Kerik, 615 F. Supp. 2d 256 (S.D.N.Y. 2009) (analyzing statute of limitations issues on date of last overt act; no discussion whether proof of an overt act is an essential element of the offense of wire fraud).

None of the decisions cited by defendant hold that an overt act is an essential element of the statute. That issue was not central to any decision cited by defendant. The rationale of Whitfield is controlling here because 18 U.S.C. § 1349 contains similar language to that considered in Whitfield by the Supreme Court. Congress did not include an overt act in 18 U.S.C. § 1349 and this court cannot impose that requirement on its own. See Whitfield, 543 U.S. at 213-14.

Defendant's motion for dismissal of count I is denied because there is no statutory requirement of an overt act in 18 U.S.C. § 1349 and under those circumstances the indictment sufficiently apprised Berger of the charges against her and would enable her to invoke any bar of double jeopardy.

###     C.      Count II

Count II of the indictment charges defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The statute provides in relevant part:

**1956. Laundering of monetary instruments**

**(a)(1)** Whoever, knowing that the property involved in a financial transaction represents the **proceeds** of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--

  **(A)(i)** with the intent to promote the carrying on of specified unlawful activity; or

  **. . .**

  **(B)** knowing that the transaction is designed in whole or in part--

    **(i)** to conceal or disguise the nature, the location, the source, the ownership, or the control of the **proceeds** of specified unlawful activity; or

    **. . .**

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. . . .

18 U.S.C. § 1956(a)(1)(A)(i), (B)(i) (emphasis added).

Under the caption titled "THE CONSPIRACY AND ITS OBJECTS," the indictment

provides:

> 9. From in and around November 2003, and continuing thereafter until in and around November 2005, in the Western District of Pennsylvania and elsewhere, the defendant, . . . knowingly and willfully did conspire, . . . and agree with other persons known to the United States Attorney, to commit an offense against the United States, that is: Money Laundering, in violation of Title 18, United States Code, Section 1956 (a)(1)(A)(i).

(Indictment ¶ 9.)

Under the caption titled "MANNER AND MEANS OF THE CONSPIRACY," the

indictment provides:

> 10. It was a part of the conspiracy that, in connection with the Wire Fraud scheme set forth in Count One of this Indictment, the

defendant, . . . and other members of the conspiracy, obtained proceeds related to that scheme.

11.  It was further a part of the conspiracy that, in order to further the Wire Fraud scheme, the defendant, . . . used the proceeds from the Wire Fraud scheme to further promote the scheme by engaging in financial transactions, including but not limited to the following:

(a) Providing the illegally obtained proceeds to purchasers of real estate, said funds then being falsely represented to the lenders as the purchasers' own funds that they were using for down payments;

(b) Using the illegally obtained proceeds to pay other members of the conspiracy, including the borrowers, and an individual known . . . as KC, . . .;

(c)  Depositing proceeds into borrowers' accounts to make it falsely appear as though they had sufficient funds to qualify for the loan and make a down payment; and

(d)  Causing borrowers to endorse the checks that had been provided to them at closings to defendant, . . .to companies associated with the conspiracy, and to other individuals.

All in violation of Title 18, United States Code, Section 1956(h).

(Indictment ¶¶ 10-11(a)-(d).)

Defendant argues that the indictment is defective at count II because it fails to establish a violation of the money laundering statute as interpreted by the United States Supreme Court in United States  v. Santos, 553 U.S. 507 (2008).  In Santos, the defendant was charged with money laundering pursuant to 18 U.S.C. § 1956(a)(1) arising from the operation of an illegal lottery. Based upon the rule of lenity, a plurality of the Court held that, at least in the context of an illegal lottery scheme, the statutory term "proceeds" means "profits" as opposed to "receipts."  Id. at 524.  Defendant contends that because the government made no attempt to distinguish profits from receipts, the indictment is fatally flawed.

In support, defendant submitted several decisions to the court at the hearing on the motion, including United States v. Buske, No. 09-CR-0065, 2010 WL 3023366, at **1-2 (E.D. Wis. Apr. 30, 2010). The defendant in Buske moved to dismiss the indictment on the basis that it failed to state an offense because it did not adequately allege that the defendant conspired to launder the net proceeds of the specified unlawful activity alleged in the indictment. The court denied the motion as moot because the government also moved to dismiss the counts related to conspiracy to commit money laundering. The court's discussion on the matter was limited to these procedural issues.

Defendant also relies upon United States v. Van Alstyne, 584 F.3d 803 (9th Cir. 2009). In Van Alstyne, the court of appeals, in the context of an appeal of the defendant's conviction for money laundering, considered whether the sentence imposed by the district court - following a limited remand - should be reversed pursuant to Santos. Id. at 809-10. The defendant's appeal was based upon insufficient evidence grounds, and maintained that, given Santos, he could not be convicted of money laundering. Id. at 813. The court of appeals held that the defendant's issuance of distribution checks to individual investors in a Ponzi scheme involving oil and gas limited partnership, and representing supposed generous returns on their investment, did not involve "proceeds" of unlawful activity within the meaning of the money laundering statute in effect at the time of the distributions. Id. at 815. The court reached that conclusion because the distributions were a central component of defendant's scheme to defraud his investors by inspiring them to send more money to defendant's funds, which could then be used to pay returns to other investors. Id. The court discussed that treating the distributions as unlawful proceeds would give rise to an impermissible merger of the money laundering statute and the predicate

offimenable of mail fraud.[3]  Id.

The government argues that the import of the Santos decision is limited to defining the term "proceeds" used in the money laundering statute.  The government contends that the indictment is sufficient in this case, even under Santos, because the indictment tracks the statutory language, including use of the word "proceeds," and lists all the essential elements of the offense.  The government argues that this issue goes to the government's evidence, which the court is not to consider in ruling on a pretrial motion to dismiss an indictment.  In support the government relies upon United States v. Pope, No. 08-49, 2008 U.S. Dist. LEXIS 101395 (W.D. Pa. Dec. 23, 2008) (denying pretrial motion to dismiss indictment challenging sufficiency of money laundering charge predicated on Santos analysis); and United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)(vacating district court's dismissal of counts in the indictment because the court's conclusion that the government's evidence did not show a nexus between the alleged offense and any federal interest was a only a prediction as to what trial evidence would be).

The district court in Pope noted that it did not need to decide whether "profits" was an essential element of the money laundering charges based upon a finding that the scope of the "Santos decision is far from clear."  Pope, 2008 U.S.Dist. LEXIS 103195, at *4 n.2 (citing United States v. Fleming, 287 F. App'x 150 (3d Cir. 2008) (unpublished) (observing that five of the justices in Santos, agreed that "the term 'proceeds' includes gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales"; and

---

[3] Other decisions submitted by defendant at the hearing include: Weeks v. United States, No. 09-14229, 2010 WL 2332084, at **3-4  (11th Cir.  June 11, 2010) (reversing district court's decision that issue was time-barred, remanding for further proceedings); United States v. Pope, No. 08-49, 2008 U.S. Dist. LEXIS 103195, at *4 n.2 (W.D. Pa Dec. 19, 2008) (denying pre-trial motion to dismiss indictment challenging sufficiency of money laundering charge predicated on Santos analysis;  noting that the scope of the Santos decision is far from clear).

concluding that "gross revenues," as opposed to "profits," may be sufficient to establish a money laundering charge in some circumstances). In Pope the district court noted that the government averred that it could and would prove that the money involved in the transactions referred to in the indictment constituted profits. The court reasoned that the defendant would have ample opportunity to challenge the sufficiency of the government's evidence at trial.

Here, the government maintains that the court must accept as true all facts properly pled in the indictment and may grant a motion to dismiss only where the allegations in the indictment are insufficient to sustain a conviction for the offense with which the defendant is charged. In support, the government relies upon, among other decisions, Hamling v. United States, 418 U.S. 87, 117, (1974); United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007); United States v. Whited, 311 F.3d 259, 262 (3d Cir. 2002); and United States v. Cheatham, 500 F.Supp.2d 528, 530 (W.D. Pa. 2007). The government notes that its evidence will establish the money involved in the transactions referred to in count II of the indictment were profits.

As a threshold matter, Santos was decided in the context of post-trial motions where the Court was examining the sufficiency of the government's evidence. Given the variant outcomes of decisions in which courts considered Santos in a variety of contexts, it is clear that Santos has not provided the lower courts with direction beyond the narrow holding in that case related to gambling proceeds. In United States v. Richardson, Crim. A. No. 05-440-18, 2010 WL 3431704, at *8 (E.D. Pa. Aug. 30, 2010), the district court noted:

> *Santos* may well be a case in which no common denominator exists beyond agreement on the result. Indeed, finding the narrowest ground for the judgment in *Santos* has perplexed many lower courts. The confusion engendered by the decision has led to at least three approaches to determining the *stare decisis* effect of the opinion: one narrow, one somewhat broader, and one clearly stating that Justice Stevens's concurrence is controlling. Courts

13

> adopting the narrow reading of *Santos* have determined that the
> case constitutes binding precedent only in the context of promotion
> money laundering arising from the operation of illegal lotteries.

Id. (footnotes omitted).

The court is persuaded by the reasoning in Pope.  The indictment is sufficient at count II as it sets forth the offense in the words of the statute itself and is accompanied by statements of facts and circumstances that informs Berger of the specific offense with which she is charged. See United States v. Hess, 124 U.S. 483, 487 (1888).  This issue raised appears more directed to what evidence the government must prove at trial.  The government gave notice in its response to the motion to dismiss this count that it intends to prove profits were involved in the transactions reflected in count II.

## IV.    Conclusion

Count I of the indictment is sufficient because, considered in its entirety, it adequately informs Berger about the attempt and conspiracy to commit mail fraud charges against her such that she may prepare a defense and, if necessary, invoke the double jeopardy clause.  Berger's motion with respect to count I will be denied.

Count II of the indictment is sufficient because, considered in its entirety, it adequately informs Berger about the conspiracy to commit money laundering charges against her such that she may prepare a defense and, if necessary, invoke the double jeopardy clause.   Berger's motion with respect to count II will be denied.

**ORDER**

AND NOW this 21st day of October 2010, it is hereby ORDERED that the Motions to dismiss counts I and II of the indictment are DENIED.

By the Court:

/s/ JOY FLOWERS CONTI          .
Joy Flowers Conti
United States District Judge