IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-308 |
| | ) | |
| VASILIA BERGER, | ) | |
| a/k/a VASILIA KLIMANTIS, | ) | |
| Defendant. | ) | |

## **OPINION**

### I. **Introduction**

On November 10, 2010, defendant Vasilia Berger ("defendant") pleaded guilty to wire fraud conspiracy, a violation of 18 U.S.C. § 1349, and money laundering conspiracy, a violation of 18 U.S.C. § 1956. On March 5, 2013, this court imposed upon defendant a term of imprisonment of 78 months at each count, to concurrently run, a term of supervised release of three years at each count, to concurrently run, restitution in the amount of $871,669.81, to be paid jointly and severally with defendant's codefendants, and a special assessment of $100 at each count, for a total special assessment of $200. At the time the court sentenced defendant, she owned and operated a restaurant employing at least six other people. In light of defendant's debt, however, she had a negative net worth. The judgment setting forth defendant's sentence with respect to restitution provided:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prions' Inmate Financial Responsibility Program, are made to the clerk of the court.

(ECF No. 109 at 6) Pursuant to the judgment entered on March 6, 2013, the special assessment of $200 was immediately due. The court, however, did not set a payment schedule during

incarceration for defendant's restitution obligation of $871,669.81. As a condition of supervision, defendant is required to "pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10 percent of [her] gross monthly income." (ECF No. 109 at 4.)

On March 12, 2015, defendant—who is currently serving the sentence of incarceration that this court imposed upon her on March 5, 2013—filed a motion to clarify the restitution order imposed by the court (ECF No. 133). On March 26, 2015, the government filed a response to defendant's motion for clarification. (ECF No. 135.) On April 24, 2015, defendant filed a motion to amend or correct the restitution order (ECF No. 136). Defendant in her motions seeks clarification of the court's restitution order and for the court to revise the payment schedule with respect to her restitution obligation of $871,669.81. The court herein will address defendant's arguments and whether she is entitled to the relief she now seeks.

## II. Discussion

In United States v. Corley, 500 F.3d 210 (3d Cir. 2007), the court of appeals explained:

> Section 3664(f)(2) requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," in consideration of the defendant's economic circumstances. Although the court may order immediate payment in full of the entire amount of restitution, id. §§ 3572(d)(1), 3664(f)(3)(A), it may only do so "in consideration of" the defendant's finances.

Id. at 224 (citing United States v. Coates, 178 F.3d 681, 684 (3d Cir. 1999)). When this court sentenced defendant, it acknowledged that defendant did not have the financial ability to pay a fine, and was aware that defendant had a negative net worth. The court under § 3664, Corley, and Coates was required to set a payment schedule for defendant during her incarceration based upon its knowledge of defendant's financial circumstances. While the court set a payment schedule for the period of supervised release, the court's failure to do so for defendant's period

2

of incarceration was plain error. Coates, 178 F.3d at 684 ("Since the MVRA mandates that district courts schedule restitution payments after taking into account the defendant's financial resources, the District Court's failure to do so here constitutes plain error."). Defendant, however, did not raise this issue with the court at the time of sentencing, file a motion pursuant to Federal Rule of Criminal Procedure 35(a),[1] or within fourteen days of the entry of the judgment against her appeal the issue to the Court of Appeals for the Third Circuit.[2] The time period for filing a motion pursuant to Rule 35(a) to correct clear error, i.e., fourteen days after sentencing, has passed; likewise, the time period for filing an appeal to the Court of Appeals for the Third Circuit has passed. Whether under another statutory provision defendant is entitled to relief will be discussed below.

### A. 18 U.S.C. § 3664(k)

---

[1] Federal Rule of Criminal Procedure 35(a) provides: "(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

[2] Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after…the entry of either the judgment or the order being appealed."

The court of appeals in United States v. Banks, 422 F. A'ppx 137 (3d Cir. 2001) (per curiam), concluded the defendant failed to show that there was a material change in his economic circumstances under § 3664(k), and "[t]o the extent [the defendant] attempted to challenge the overall validity of the District Court's restitution order, such a challenge should have been made on direct appeal. The limited jurisdiction conferred by section 3664(k) does not encompass an attack on the overall validity of a restitution order." Banks, 422 F. A'ppx at 140;[2] United States v. Snyder, --- F. A'ppx ----, 2015 WL 468221, at *3 (3d Cir. Feb. 5, 2015) ("'Snyder's argument under the *Ward* case is unavailing because it is an attack on the validity of the restitution order itself, which must be made on direct appeal."); United States v. Hatten, 167 F.3d 884, 887 n.5 (5th Cir. 1999) ("[R]estitution, in general, is a sentencing issue that should be raised on direct appeal."). To the extent defendant's challenge would be to the overall validity of the restitution order, the court would not have jurisdiction under § 3664(k) to amend the judgment entered against defendant on March 5, 2013. Here, the court understands that the challenge is not to the overall validity of the restitution order, but only to the court's failure to set a payment schedule for the period of incarceration.

3

Defendant reports that she currently receives an "Inmate Teacher's Aide pay of $0.29 (twenty-nine cents) an hour and works 20 to 35 hours a week." (ECF No. 136 at 1.) Defendant does not seek a reduction in her restitution obligation; rather, she seeks a payment schedule whereby she is obligated to pay $25 per month towards restitution during her incarceration. (Id.) Defendant seeks relief from this court under 18 U.S.C. § 3664(k), which provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). Here, to invoke § 3664(k), defendant must identify a material change in her economic circumstances. She, however, did not identify a material change in her economic circumstances. As discussed above, at the time of sentencing, defendant—despite owning and managing a restaurant—had a negative net worth because of her debt. There were no allegations presented to the court that a material change in defendant's economic circumstances occurred after her sentencing, which would entitle defendant to a modification of the restitution payment schedule under § 3664(k).

In any event, even if the court was satisfied that a material change in defendant's economic circumstances has occurred, it cannot grant defendant the relief she now seeks because the procedures set forth in § 3664(k) were not followed. Defendant, in accordance with § 3664(k), provided notice of the alleged change in her economic circumstances by filing the motion to amend/correct restitution order on the court's docket. See United States v. Wooderts, Crim. Action No. 97-54, 2008 WL 245352, at *1 (N.D. Tex. Jan. 29, 2008) ("Defendant advised

the court that he had given the requisite notice to the U.S. Attorney General by mailing a copy of his motion and supporting response, to the U.S. Attorney for the Northern District."); United States v. Johnson, Crim. Action No. 01-64, 2014 WL 4824321, at *1 (E.D. Va. Sept. 24 2014). This court, however, did not receive certification from the Attorney General that the victim in this case, PNC Mortgage, was notified of the alleged material change in defendant's financial circumstances. Under those circumstances, even if there had been a material change in defendant's economic circumstances, the court cannot under § 3664(k) amend or correct the judgment entered against her. United States v. Dupree, 590 F. A'ppx 857, 860 (11th Cir. 2014); United States v. Taniguchi, Crim. Action No. 00-50, 2014 WL 907243, at *2 (S.D. Ohio Mar. 7, 2014).

**B. 28 U.S.C. § 2255**

Defendant cannot attack the court's failure to set a payment schedule in a motion filed pursuant to 28 U.S.C. § 2255 for two reasons. First, a restitution order may not be attacked under § 2255 because § 2255 "affords relief only to those claiming the right to be released from custody." Trader v. United States, 281 F. A'ppx 87, 88 (3d Cir. 2008). Defendant is not contending she has a right to be released from custody; rather, she seeks clarification or modification of a restitution order.

Second, even if there was a valid basis for defendant to attack the court's order of restitution, i.e., based upon a claim of ineffective assistance of counsel for failing to raise the issue at the time of sentencing or within fourteen days of judgment being entered, there is a one-year statute of limitations period for filing § 2255 motions, which begins to run "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For purposes of § 2255(f)(1), a defendant's conviction becomes final, and the statute of limitations begins to run,

5

when the time for filing a notice of appeal expires and no appeal is filed within that period. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). The judgment was entered against defendant on March 6, 2013. (ECF No. 109.) Defendant had fourteen days from March 6, 2013, to file an appeal in this case.[3] Defendant did not file a direct appeal within that time period. The statute of limitations for filing a § 2255 motion began to run on March 21, 2013. Defendant did not file a § 2255 motion within one year of that date. The statute of limitations with respect to defendant filing a § 2255 motion has, therefore, expired.

Pursuant to 28 U.S.C. § 2255(f)(4), the statute of limitations may be extended to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Defendant was present on March 5, 2013, when the court imposed the sentence upon her and did not set a payment schedule based upon her financial circumstances with respect to her restitution obligation. On March 6, 2013, a judgment order was entered on the docket and did not set forth a payment schedule with respect to defendant's restitution obligation. Defendant on the date of sentencing (March 5, 2013) or—at the latest—the day following sentencing when the judgment was entered in this case (March 6, 2013) could have "through the exercise of due diligence" discovered the court did not set a payment schedule with respect to her restitution obligation during incarceration. 28 U.S.C. § 2255(f)(4). There, accordingly, is no basis to extend the statute of limitations under section 2255(f)(4). Based upon

---

[3] Federal Rule of Appellate Procedure 4(b)(1)(A) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.

6

the foregoing, defendant may not seek redress from the court under § 2255.

## C. 28 U.S.C. § 2241

To the extent defendant is objecting to the manner in which the Bureau of Prisons (the "BOP") is encouraging her to meet her restitution obligations as part of her participation in the Inmate Financial Responsibility Program (the "IFRP"), this court does not have jurisdiction to consider that objection. In Snyder, the court of appeals described the IFRP as follows:

> An inmate may voluntarily enter into the IFRP by signing a contract, and give the BOP authority to collect additional monies toward her restitution obligation, 28 C.F.R. § 545.11(a)-(b). An inmate may wish to contribute additional monies to restitution she owes, when doing so confers benefits that would otherwise be lost, see id. at § 545(d). "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] ... an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." United States v. Boyd, 608 F.3d 331, 334 (7th Cir.2010).

Snyder, 2015 WL 468221. A challenge to the terms of a prisoner's participation in the IFRP is a challenge to the inmate's execution of his sentence by the BOP. McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution of [the prisoner's] sentence. Accordingly we hold that the claim that they are illegal and invalid falls under the rubric of a § 2241 habeas petition."). If defendant participates in the IFRP and wishes to object to the manner in which the BOP is applying the IFRP to her, she has two options:[4] (1) she must exhaust her administrative remedies with the BOP, Wynn, 328 F. A'ppx at 829, and, then—if unsatisfied—file a motion under 28 U.S.C. § 2241 in the district in which she is confined, i.e., here, the Southern District of West Virginia; or (2) file a civil rights action under 42 U.S.C. § 1983 against prison officials

---

[4] Because the IFRP is a voluntary program, defendant may withdraw from the IFRP. United States v. Gonzalez, Crim. Action No. 08-0891, 2015 WL 233233, at *2 n.4 (D.N.J. Jan. 16, 2015).

challenging the conditions of her confinement. Wynn, 328 F. A'ppx at 829 n.3. This court does not have jurisdiction to entertain an objection to the BOP's application of the IFRP to defendant.

### III. Conclusion

The court's error in this case is unfortunate because at this late stage, it cannot correct that error. This court cannot amend the judgment entered against defendant on March 5, 2013, and set a payment schedule whereby defendant while she is incarcerated is required to pay twenty-five dollars per month toward her restitution obligations.

To the extent this opinion provides defendant clarification with respect to her restitution obligations, her motion for clarification (ECF No. 133) will be granted in part. Defendant's motion to amend or correct the restitution order (ECF No. 136) will be denied without prejudice because defendant is not entitled to the relief she seeks for the reasons stated herein. If defendant is able to show a material change in her economic circumstances, defendant may file an amended motion under § 3664(k).

An appropriate order will be entered.

BY THE COURT,

Dated: July 7, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief District Court Judge