**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-308 |
| | ) | Civil No. 15-1086 |
| VASILIA BERGER, | ) | |
| a/k/a VASILIA KLIMANTIS, | ) | |
| Petitioner. | ) | |
| | ) | |

## OPINION

### I. Introduction

On November 10, 2010, petitioner Vasilia Berger ("petitioner") pleaded guilty to wire fraud conspiracy, a violation of 18 U.S.C. § 1349, and money laundering conspiracy, a violation of 18 U.S.C. § 1956. On March 5, 2013, this court imposed upon petitioner a term of imprisonment of 78 months at each count, to concurrently run, a term of supervised release of three years at each count, to concurrently run, restitution in the amount of $871,669.81, to be paid jointly and severally with petitioner's codefendants, and a special assessment of $100 at each count, for a total special assessment of $200. On August 18, 2015, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set, aside or correct sentence by a person in federal custody (the "§ 2255 motion"). (ECF No. 139.)[1] On August 20, 2015, the government filed a motion to dismiss petitioner's § 2255 motion because it was untimely filed. (ECF No. 140.)

The court—having reviewed petitioner's voluminous § 2255 motion and the government's motion in opposition—agrees with the government. Petitioner is not entitled to the relief she now seeks because her § 2255 motion was filed more than one year from the date on

---

[1] The docket references ("ECF No.") in this opinion are references to the docket in the criminal case, Criminal No. 09-308.

which the judgment entered against her became final.

## II. The Applicable Statute of Limitations

There is a one-year statute of limitations period for filing § 2255 motions. 28 U.S.C. § 2255(f). The time at which the statute of limitations begins to run depends upon the facts of a given case. Id. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1). Based upon the foregoing provision, the statute of limitations begins to run—at the earliest—the date on which the judgment of conviction becomes final. Id. The statute of limitations may begin to run at a later date, however, if a petitioner can show that one of the circumstances set forth in § 2255(f)(2)-(4) exists in his or her case. Id.

For purposes of § 2255(f)(1), a defendant's conviction becomes final, and the statute of limitations begins to run, when the time for filing a notice of appeal expires and no appeal is filed within that period. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time

for filing such an appeal expired."). The judgment in this case was entered against petitioner on March 6, 2013. (ECF No. 109.) Petitioner had fourteen days from March 6, 2013, to file an appeal in this case.[2] Petitioner did not file a direct appeal within that time period. The statute of limitations for filing a § 2255 motion began to run on March 21, 2013. Petitioner did not file a § 2255 motion within one year of that date; rather, petitioner filed the § 2255 motion **twenty-nine months** after the judgment was entered against her. Petitioner's § 2255 motion is, therefore, untimely unless she can show one of the circumstances set forth in § 2255(f)(2)-(4) exists in this case.

With respect to § 2255(f)(2) and (3), petitioner has not identified any "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States" or a newly recognized right by the Supreme Court that warrants tolling the statute of limitations in this case. The statute of limitations may be extended to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner in her motion complains about the conduct of both attorneys who represented her in this case and the attorney for the government who prosecuted her case. The court—having reviewed and considered petitioner's voluminous § 2255 motion and the arguments contained therein—cannot discern any facts supporting a claim that could *only* have been discovered through the exercise of due diligence at some point **after** the judgment became final in this case. In other words, petitioner through the exercise of due diligence could have discovered the facts upon which she bases her § 2255 motion at some point

---

2   Federal Rule of Appellate Procedure 4(b)(1)(A) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

3

prior to the judgment becoming final in this case.[3] There, accordingly, is no basis to extend the statute of limitations under section 2255(f)(4).

### III. Conclusion

Based upon the foregoing, petitioner's § 2255 motion was untimely filed because it was filed twenty-nine months after the judgment entered against her became final. Petitioner's § 2255 motion is, therefore, barred by the statute of limitations set forth in § 2255(f)(1). Petitioner's § 2255 motion (ECF No. 139) will be denied, and the government's motion to dismiss (ECF No. 140) will be granted.

### IV. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination about whether a certificate should issue. See 3d Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v McDaniel, 529 U.S. 473, 484-85 (2000).

---

[3] Petitioner in her § 2255 motion explains that the year following her sentencing in this case was filled with turmoil because she cared for her mother, terminally ill ex-husband, and their young daughter, who struggled with her father's illness and mother's impending jail sentence. Although petitioner's explanation—with which this court is familiar—is tragic, it does not fall within any of the circumstances set forth in § 2255(f)(2)-(4). The applicable one-year statute of limitations began to run on the date on which the judgment entered against petitioner became final.

Based upon the motion, files and records of the instant case, and for the reasons set forth above, the court finds that petitioner did not show a denial of a constitutional right. Therefore, a COA should not issue.

An appropriate order will be entered.

BY THE COURT,

Dated: December 3, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief District Court Judge

cc: Vasilia Berger
30465-068
Federal Prison Camp
P.O. Box A
Alderson, WV 24910