# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 09-308 |
| ) | |
| VASILIA BERGER, ) | |
| a/k/a VASILIA KLIMANTIS, ) | |
| Defendant. ) | |

## OPINION

Defendant Vasilia Berger ("defendant"), who is currently incarcerated, seeks to modify the court's restitution order, i.e., for the court to set a restitution payment schedule, based upon a material change in her economic circumstances, pursuant to 18 U.S.C. § 3664(k).[1] (ECF Nos. 149, 154, 155.) On March 5, 2013, this court imposed upon defendant a term of imprisonment of 78 months at each count, to concurrently run, a term of supervised release of three years at each count, to concurrently run, restitution in the amount of $871,669.81, to be paid jointly and severally with defendant's codefendants, and a special assessment of $100 at each count, for a

---

[1] Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

total special assessment of $200. The special assessment of $200 was immediately due, and the court did not set a payment schedule for defendant's restitution obligation.[2]

As the court recognized when it sentenced defendant, she is the owner of a restaurant. Defendant in her motion alleges that there has been a material change in her economic circumstances that warrants the court modifying its restitution order and setting a payment schedule because the "chef/manager" of her restaurant was required to hire an assistant manager and cook because of the "chef/manager's" health problems. (ECF No. 149.) Defendant has the burden to prove by a preponderance of the evidence that there has been a material change in circumstances that warrants a modification of the payment schedule for her restitution obligation. 18 U.S.C. § 3664(e); United States v. Hill, 205 F.3d 1342, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (unpublished table decision) (recognizing that—as set forth in 18 U.S.C. § 3664(e)—the defendant had the burden to prove by a preponderance of the evidence that a material change in his economic circumstances took place and denying the defendant's motion to modify his restitution order because he did not "attach any proof regarding his financial status or current income to the motion"); United States v. Savage, 466 F. A'ppx 68, 70 (3d Cir. 2012) (denying the defendant's motion to defer payment of restitution because the defendant did not provide "any evidence or specific allegations about his economic circumstances, such as how much he previously earned per month, how much he earns now, or how much money he has in his prison account"); United States v. Banks, 430 F. A'ppx 179, 181 (3d Cir. 2011) (affirming the district

---

[2] The court in its opinion dated July 7, 2015, acknowledged that its failure to set a payment schedule for the restitution for the period of defendant's incarceration was plain error, but—at that time—it was without the authority to amend its judgment and set a payment schedule. The court acknowledged, however, that § 3664(k)—if properly invoked—may provide defendant a basis for relief.

2

court's decision to deny the defendant's request to modify the order of restitution because defendant did not provide "any records" to support his motion for modification). Defendant did not attach any evidence to her motion to support her allegations. The allegations without evidentiary support are insufficient to establish that it is more likely than not that a material change in defendant's economic circumstances has taken place. Defendant's motion will, therefore, be denied without prejudice. Defendant may file a renewed motion to the extent she can prove by a preponderance of the evidence, i.e., that it is more likely than not, that there has been a material change in her economic circumstances.

For this court to modify its restitution order as requested by defendant, the court must receive certification from the Attorney General, "that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." 18 U.S.C. § 3664(k). The government argued in its response in opposition to defendant's motion to modify the court's restitution order that the motion should be denied because the court did not receive certification from the Attorney General "that the victim or victims owned restitution by the defendant have been notified of the change in circumstances." 18 U.S.C. § 3664(k). Petitioner filed two supplements to her motion to modify restitution with respect to two certified letters she mailed to PNC Mortgage via the United States Postal Service to notify it of the material change in her economic circumstances. (ECF Nos. 154, 155.) It has been recognized, however, that while it is a defendant's duty to inform the Attorney General of the material change in his or her economic circumstances,[3] it is the duty of the Attorney General to "compl[y] with its duty to certify to the

---

[3] A defendant may satisfy his or her obligation to provide notice to the Attorney General of the alleged change in his or her economic circumstances by filing a motion on the court's docket setting forth the basis for the material change in economic circumstances. (ECF No. 137 (citing United States v. Wooderts, Crim. Action No. 97-54, 2008 WL 245352, at *1 (N.D. Tex. Jan. 29,

district court that [the defendant's] victims were notified of the change in his economic circumstances." United States v. Dupree, 590 F. A'ppx 857, 860 (11th Cir. 2014). In other words, if a court determines that a defendant satisfied his or her burden to prove by a preponderance of the evidence that a material change in economic circumstances warrants a modification of his or her restitution obligation, and that he or she notified the victim of the material change in her economic circumstances, it is incumbent upon the Attorney General to certify to the district court that the victim has been notified of the material change in the defendant's economic circumstances. The Attorney General cannot refuse to satisfy its obligation to provide the required certification and then oppose the defendant's motion to modify on that basis.

At this stage, however, defendant did not satisfy her burden to prove that a material change in her economic circumstances has occurred. Defendant's motion (ECF No. 149) will, therefore, be denied without prejudice. An appropriate order will be entered.

BY THE COURT,

Dated: July 27, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

---

2008) ("Defendant advised the court that he had given the requisite notice to the U.S. Attorney General by mailing a copy of his motion and supporting response, to the U.S. Attorney for the Northern District."); United States v. Johnson, Crim. Action No. 01-64, 2014 WL 4824321, at *1 (E.D. Va. Sept. 24 2014).)