IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                              |   |                      |
|------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,    | ) |                      |
|                              | ) |                      |
| v.                           | ) | Criminal No. 09-308  |
|                              | ) |                      |
| VASILIA BERGER,              | ) |                      |
| a/k/a VASILIA KLIMANTIS,     | ) |                      |
|    Defendant. | ) |                      |

## **MEMORANDUM OPINION**

On September 30, 2016, defendant Vasilia Berger ("defendant") filed a motion to reduce sentence requesting the court reduce her sentence from a term of imprisonment of six and one half years to a term of imprisonment of five years and four months. (ECF No. 158 ¶ 1.) On October 28, 2016, the government filed a response in opposition to defendant's motion asserting that a Rule 35(b) motion must be filed by the government, and the motion is untimely under Federal Rule of Criminal Procedure 35. (ECF No. 159.)

Federal Rule of Criminal Procedure 35(b) provides:

**Reducing a Sentence for Substantial Assistance.** <u>Upon the government's motion made more than one year after sentencing</u>, the court may reduce a sentence if the defendant's substantial assistance involved:
**(A)** Information not known to the defendant until one year or more after sentencing;
**(B)** Information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
**(C)** Information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

FED. R. CRIM. P. 35(b)(2)(A)-(C) (emphasis added). This court lacks authority to reduce defendant's sentence absent a motion from the government.

The court sentenced defendant in this case on March 5, 2013. (ECF No. 108.) Defendant filed her successive motion to reduce sentence on September 30, 2016—more than three years after sentencing in this case. Defendant's request for a reduction in sentence is, therefore, untimely filed.[1]

Under these circumstances, defendant's motion to reduce sentence will be denied. An appropriate order will be entered.

By the court:

Dated: November 22, 2016

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

---

[1] The basis for defendant's motion is that she provided substantial assistance in investigating and prosecuting people involved in mortgage fraud. Defendant in the motion alleges that she was not aware that her husband had a plea agreement stipulating that he would assist law enforcement agencies in investigating mortgage fraud violations. The court at the time of sentencing considered her husband's sentencing guideline range and granted defendant a substantial variance. Defendant's advisory guideline range for imprisonment was 292 to 365 months. (ECF No. 109.) Defendant was sentenced to a term of imprisonment of 78 months. (Id.)