IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-308 |
| | ) | |
| VASILIA BERGER, | ) | |
| a/k/a VASILIA KLIMANTIS, | ) | |
| Defendant. | ) | |

# **OPINION**

Pending before the court is a motion to reset restitution (ECF No. 163) filed by defendant Vasilia Berger ("defendant"), who is currently incarcerated at Federal Prison Camp, Alderson ("FPC Alderson"). This is defendant's third request to modify the court's restitution order, i.e., for the court to set a restitution payment schedule.[1] The court denied defendant's first request because, among other reasons, she did not argue or prove there was a material change in her economic circumstances upon which the court may modify its restitution order and set a payment schedule, pursuant to 18 U.S.C. § 3664(k).[2] (ECF No. 137.) The court denied defendant's second

---

[1] The court in its opinion dated July 7, 2015, acknowledged that its failure to set a payment schedule for the restitution for the period of defendant's incarceration was plain error, but—at that time—it was without the authority to amend its judgment and set a payment schedule. The court acknowledged, however, that § 3664(k)—if properly invoked—may provide defendant a basis for relief.

[2] Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the

request because, among other reasons, defendant argued there had been a material change in her economic circumstances, but did not attach to her motion evidence to satisfy her burden[3] to show there had been a material chance in her economic circumstances. (ECF No. 156.)

Defendant now argues that she is entitled to a modification of the court's restitution order because there has been a material change in her economic circumstances, pursuant to 18 U.S.C. § 3664(k), and attached to her motion various exhibits in support of her argument.[4] The

---

notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

[3] Defendant has the burden to prove by a preponderance of the evidence that there has been a material change in circumstances that warrants a modification of the payment schedule for her restitution obligation. 18 U.S.C. § 3664(e); United States v. Hill, 205 F.3d 1342, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (unpublished table decision) (recognizing that—as set forth in 18 U.S.C. § 3664(e)—the defendant had the burden to prove by a preponderance of the evidence that a material change in his economic circumstances took place and denying the defendant's motion to modify his restitution order because he did not "attach any proof regarding his financial status or current income to the motion"); United States v. Savage, 466 F. A'ppx 68, 70 (3d Cir. 2012) (denying the defendant's motion to defer payment of restitution because the defendant did not provide "any evidence or specific allegations about his economic circumstances, such as how much he previously earned per month, how much he earns now, or how much money he has in his prison account"); United States v. Banks, 430 F. A'ppx 179, 181 (3d Cir. 2011) (affirming the district court's decision to deny the defendant's request to modify the order of restitution because defendant did not provide "any records" to support his motion for modification).

[4] Defendant attached to her motion: information with respect to the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"); her inmate financial plan; her previous inmate financial plan; records of her pay from the BOP; her budget while incarcerated; a list of the commissary and prices from the BOP; records detailing her refusal to participate in the IFRP; a request to the staff of FPC Alderson; excerpts from FPC Alderson's inmate handbook regarding sanctions; and a letter from an accountant. (ECF No. 163.)

2

government filed a response to defendant's motion arguing that defendant's request is not properly before the court because the exhibits attached to her motion "make clear" that she "has not exhausted her administrative remedies" with respect to her voluntary participation in the IFRP. (ECF No. 165 at 2.) Defendant filed a reply to the government's response and attached to the reply the entirety of the FPC Alderson inmate handbook. (ECF No. 166.) Defendant in the reply argues that she utilized all administrative remedies available to her at FPC Alderson with respect to the IFRP. (ECF No. 166 at 2-4.)

According to defendant, she is required to pay as part of the IFRP $178 per month toward her restitution obligation. Defendant argues that paying that amount "is placing stress on [her] family because [she] is limited on how much [she] can offer to provide for her daughter," who is in the care of her family members. (ECF No. 163 at 4.) Defendant, however, did not satisfy her burden to prove that there has been a material change in her financial circumstances warranting a modification of the court's restitution order.

Defendant's presentence investigation report provides that defendant had a negative net worth in light of her debt and the following detail with respect to her net monthly cash flow:

| | |
|---|---|
| **Defendant's total monthly income**: | $2,800 |
| | |
| **Necessary Living Expenses**: | |
| Property mortgage(s)/rent | $1,300 |
| Food | $240 |
| Utilities | $292 |
| Life insurance | $15.67 |
| Rental Insurance | $44 |
| Health Insurance | $299 |
| Clothing | $125 |
| Co-payments (health insurance) | $500 |
| | |
| **Total Expenses**: | $2,365.67 |
| | |
| **NET MONTHLY CASH FLOW**: | **$434.44** |

3

(ECF No. 82 at 19-20.)

According to defendant, she presently receives $800 per month from the operation of her restaurant[5] and averages $31 per month in payment from her work at FPC Alderson, for a total monthly income of $831. Defendant's "survival" budget reflects that her expenses total $275.24 per month. (ECF NO. 163-1 at 8-9.) The exhibits attached to defendant's submissions show that since defendant was sentenced in this case, her daughter began receiving $1,139 per month from the Social Security Administration because of the death of her father, Jay Berger. A letter from an accountant provides that the $1,139 received per month "does not cover the food, clothing and shelter" for defendant's daughter, and defendant's "family will not help to pay any of the expenses." (ECF No. 163-1.)

Based upon the information provided by defendant, her financial circumstances are reflected in the chart below:

| | |
|---|---|
| **Defendant's total monthly income**: | $831 |
| **Defendant's daughter's social security income**: | $1,139 |
| **Necessary Living Expenses** | $275.24 |
| **Daughter's Necessary Living Expenses** | $_____ |
| **NET MONTHLY CASH FLOW**: | **$1,694.76** |

---

[5] Defendant in her motion filed on February 10, 2017, argues: "The estimated Gross income from Greek Stop varies. A comfortable gross monthly amount from Greek Stop is $800.00." (ECF No. 163 at 2.) The letter provided by the accountant and dated February 6, 2017, which is attached to the motion provides: "[Defendant's] restaurant was sold be an installment agreement. The amount remitted monthly should be $800.00 per month. Frequently the payment is late. She is still paying back the expenses and taxes for her business also. Her business owes accounts payable invoices of $4000.00. The business also has installment agreements for sales tax and federal taxes of $700.00 per month." (ECF No. 163-1.)

4

Defendant did not submit to the court information with respect to the necessary monthly living expenses for her daughter. The court cannot, therefore, properly assess under § 3664(k) whether there has been a material change in defendant's economic circumstances that warrants a modification of the restitution order because the court cannot compare how defendant's current expenses incurred compare to her expenses at the time of sentencing. The court notes, however, that although defendant's total income significantly decreased since the time of sentencing, her monthly expenses also decreased in light of her incarceration, and her daughter's expenses are offset by the $1,139 received from the Social Security Administration.

Defendant finds herself in unfortunate circumstances. The court, however, is constrained by § 3664(k). Defendant did not satisfy her burden to show that modification of her restitution order is proper in this case. Defendant's motion to reset restitution while incarcerated (ECF No. 163) will, therefore, be DENIED. An appropriate order will be entered.

BY THE COURT,

Dated: August 30, 2017 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge